**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TYRONNE SEABERRY**                                          **CIVIL ACTION**

**VERSUS**                                                              **NO.  11-0066**

**SHERIFF DANIEL EDWARDS, ET. AL**                   **SECTION: "I"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.    **Factual Summary**

The plaintiff, Tyronne Seaberry ("Seaberry"), is an inmate incarcerated in the Tangipahoa Parish Jail ("TPJ").  He filed this *pro se* and *in forma  pauperis* complaint against Sheriff Daniel Edwards, Warden Joyce Jackson, Assistant Warden Brandon Pinion, Administrator Stewart Murphy, and Nurse Shawn Sweeney of the Tangipahoa Parish Sheriff's Office, and Sergeant Willie Brown of the Hammond City Police Department challenging the conditions of his confinement and the alleged absence of medical treatment at the Hammond City Jail and the Tangipahoa Parish Jail.

Seaberry alleges that in April 2010, he was housed in the Hammond City Jail and made a request with Sergeant Willie Brown to see a doctor concerning a sexually transmitted disease ("STD") and lead poisoning.  He contends that there was not a doctor or a nurse at all times at the jail.  He further contends that there was no medical request form or administrative procedural remedy.  He also complains that there was lead based paint which chipped from the bars and walls of the jail.  He also complains that the inmates were fed TV dinners.

In May of 2010, Seaberry was incarcerated at the TPJ.[1]  He contends that while at the TPJ, he received medical treatment for his STD but was denied medical testing for the lead poisoning.  He contends that the facilities of the TPJ are painted with lead based paint that is chipping.  He also complains that there is not a nurse on duty at all times.

On July 4, 2010, while housed at the TPJ, Seaberry completed an Administrative Remedy Procedure Form (A.R.P.) complaining of dry mouth, dizziness, and blurred vision due to lead poisoning.  He indicated that he had previously written to staff concerning the matter and filled out a request to see the nurse and be tested for lead poisoning.  He also complained that mold was growing on his door.  In his A.R.P., Seaberry complained that he made a previous complaint that has remained unanswered.

On August 4, 2010, Sherry Thompson, a prison employee, rejected the request.  In response to the A.R.P., she indicated that Seaberry's earlier complaint was never received.  She also noted that on May 23, 2010, Seaberry broke his jaw.  As a result, he went to the hospital "off and on."  During these visits, he never complained about lead poisoning.  She also indicated that on June 7, 2010, he submitted a request regarding Athlete's Foot.  On July 12, 2010, he had a follow up visit with Earl K. Long

---

[1]It is unclear from the record the circumstances which resulted in Seaberry's incarceration at the TPJ after his incarceration at the Hammond City Jail.

regarding the Athlete's Foot.[2]  Although Thompson rejected the request, she did indicate that the mold on the door would be bleached and sanitized.

Seaberry would like the Court to investigate both of the jails regarding the lead based paint and the "medical situation."

## II.   <u>Standard of Review for Frivolousness</u>

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.  Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

---

[2]Thompson's response does not indicate when Seaberry had his initial visit regarding the Athlete's Foot.

III.   <u>Analysis</u>

Seaberry complains that he was exposed to lead based paint at the Hammond City Jail and the TPJ in violation of his civil rights, that his request for lead poisoning and S.T.D. medical testing was denied, and that the jail contained lead paint on the tables, walls, and beam holes.

Seaberry civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, i.e., that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, i.e., that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Baker v. McCollan*, 443 U.S. 137, 142, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).  Seaberry's allegations are deficient  under 42 U.S.C. § 1983 for reasons that follow.

A.   <u>Toxic Lead Paint Exposure</u>

Seaberry has not alleged that the conditions in either the Hammond City Jail or the TPJ caused any physical injury for purposes of stating a claim under § 1983.  For this reason, Seaberry's claims are frivolous and otherwise fail to state a claim for which relief can be granted.

Under 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury."  The United States Fifth Circuit

Court of Appeals, in interpreting this provision, has held that the phrase ['physical injury" in § 1997e(e)

means an injury that is more than *de minimis*, but it need not be significant. *Alexander v. Tippah Cnty.,*

*Miss.,* 351 F.3d 626 (5th Cir. 2003)(quoting *Harper*, 174 F.3d at 719)(*quoting Siglar v. Hightower*, 112

F.3d 191, 193 (5th Cir. 1997)(where the Fifth Circuit first set forth its § 1997e(e) definition of physical

injury)).

     In this case, Seaberry has failed to allege any injury resulting from his alleged exposure to lead

based paint.  Seaberry has not alleged that he has had any physical manifestation of an injury resulting

from his alleged exposure to lead based paint.  In fact, Seaberry has only contended that he seeks  to

be tested for exposure to lead based paints.

     Seaberry simply contends that he has dry mouth, dizziness, and blurred vision.  However, the

United States Fifth Circuit Court of Appeals, in interpreting 42 U.S.C. § 1983e(e), has held that the

phrase "physical injury" means an injury that is more than *de minimis*, but need not be significant.

*Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626 (5th Cir. 2003)(quoting *Harper,* 174 F.3d at

719(quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(where the Fifth Circuit set forth

its § 1997e(e) definition of physical injury)).  In this case, Seaberry has failed to allege an injury that

is more than *de minimis*.  *See e.g. Bradshaw v. Uknown Lieutenant*, 48 Fed.Appx. 106 (5th Cir., August

21, 2001)(not selected for publication in the Federal Reporter)(inmate sprayed in the face with chemical

agents, causing burning eyes an skin for 24 hours, twitching of the eyes, blurred vision, irritation of the

nose and throat, blistering of his skin, rapid heartbeat, and mental anguish not sufficient injury for

purposes of § 1983).

     For this reason, Seaberry's claims against the Defendants for his alleged exposure to lead based

paint are frivolous and otherwise fail to state a claim for which relief can be granted.  Even if Seaberry

had provided more than a *de minimis* injury to his conditions of confinement claim, his claims are still frivolous for the following reasons.

### B.   <u>Supervisory Liability</u>

Seaberry sues Sheriff Daniel Edwards, Warden Joyce Jackson, and Assistant Warden Brandon Pinion in their capacity as supervisory officials of the Tangipahoa Parish Sheriff's Office.  He also sues Sergeant Willie Brown in his supervisory capacity of the Hammond Police Department.

Supervisory officials cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights.  *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Supervisory officials may only be liable under § 1983 if they "[were] personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).  This personal involvement also must include a showing of deliberate indifference as set forth above.

Seaberry does not allege that any of these Defendants were present for, or personally involved in, the alleged concerns he has about the jails.  Seaberry also has not alleged that he has suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Defendants which would create vicarious liability.  *See Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Instead, Seaberry names these Defendants solely due to their supervisory capacities over both jails.  Thus, Seaberry's claims against Sheriff Daniel Edwards, Warden Joyce Jackson, Assistant Warden Brandon Pinon, and Willie Brown are frivolous and otherwise fail to state a claim for which relief can be granted  pursuant to § 1915(e), § 1915A, and § 1997e.

### C.    Administrator Steward Murphy and Nurse Shawn Sweeney

Seaberry also named Steward Murphy and Nurse Shawn Sweeney as defendants.  Seaberry however does not set forth any specific allegations against either Murphy or Sweeney or allege any actions by either Defendant that resulted in a violation of his constitutional rights.  Therefore, the Court finds that Seaberry has failed to state a cause of action for which relief may be granted.

### D.    Hammond City Jail

Seaberry also names the Hammond City Jail as a defendant.  However, the Hammond City Jail is not a proper defendant because the jail is not a "person" to be held liable within the meaning of § 1983.

Section 1983 imposes liability on any "person"  who violates someone's constitutional rights "under color of law."  Title 42 U.S.C. § 1983; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).  Under federal law, a county (or parish) prison facility, is not a "person" within the meaning of the statute.  *Cullen v. DuPage Cnty.*, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester Cnty. Corr. Facility Admin.*, 1997 WL 659100 at *7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw Cnty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich 1982).  Thus, Hammond City Jail is clearly not a proper defendant in this case.

In addition, a city jail is not a proper defendant because it lacks capacity to be sued as required under Fed. R. Civ. P. 17(b) and Louisiana law.  Although Louisiana courts have not ruled on the issue

of whether a city jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So.2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status.  The Court in *Roberts* stated:

> [T]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label.  Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue.  In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.  1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20.   Such a determination will depend on an analysis of specifically what the entity is legally empowered to do

*Roberts*, 634 So.2d at 346-47.  In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board.  *See Id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So.2d 611, 616 (La. App. 3d Cir. 1994), *writ denied*, 650 So.2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued.  In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit."  *Bowen*, 649 So.2d at 613.

Under the *Roberts* framework, the Hammond City Jail, is not "legally empowered to do" anything independently of either the respective prison official or the Sheriff.  *See Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So.2d 341, 347 (La. 1994).  The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a city  jail is "not an entity, but a building."  *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing, with prejudice, the St. Tammany Parish Jail as a

improper defendant); *accord Dale v. Bridges*, 1997 WL 810033 at *1 n.1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued).  Accordingly, Seaberry's claim against Hammond City Jail should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Seaberry's § 1983  claims against the defendants, Sheriff Daniel Edwards, Warden Joyce Jackson, Assistant Warden Brandon Pinion, Sergeant Willie Brown, Administrator Stewart Murphy, Nurse Shawn Sweeney, and the Hammond City Jail, be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 15th day of February, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

9